**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Charles E. Simpson, Esq.
Jeffrey C. Hoffman, Esq.
Tel: (212) 237-1000
Fax: (212) 262-1215
Email: csimpson@windelsmarx.com
          jhoffman@windelsmarx.com

*Attorneys for Parmjit Singh Parmar and the*
*Parmar Entities*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

| In re: | Chapter 11 Case |
|---|---|
| ORION HEALTHCORP, INC. | No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LL | No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | No. 18-71756 (AST) |
| RMI PHYSICIANS SERVICES CORPORATION | No. 18-75757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | No. 18-75758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | No. 18-75759 (AST) |
| NYNM ACQUISITION, LLC | No. 18-75760 (AST) |
| NORTHSTAR FHA, LLC | No. 18-75761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | No. 18-75762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | No. 18-75763 (AST) |
| MDRX MEDICAL BILLING, LLC | No. 18-75764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | No. 18-75765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | No. 18-75766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | No. 18-75767 (AST) |
| PHOENIX HEALTH, LLC | No. 18-71789 (AST) |
| NEW YORK NETWORK MANAGEMENT, LLC | No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------------------x

--------------------------------------------------------------------------------x

Orion Healthcorp, Inc., *et al.*,

Plaintiffs,

v.

Parmjit Singh Parmar (a/k/a Paul Parmar), Sotirios Zaharis, Ravi Chivukula, Pavandeep Bakhshi, Naya Constellation Health LLC, Alpha Cepheus, LLC, Constellation Health Investment, LLC, Constellation Health Group, LLC, Constellation Health, LLC, First United Health, LLC, Taira no Kiyomori LLC, Blue Mountain Healthcare, LLC, CC Capital CHT Holdco LLC, CHT Holdco LLC, PBPP Partners LLC, Axis Medical Services, LLC, Vega Advanced Care LLC, Pulsar Advance Care LLC, Lexington Landmark Services LLC, MYMSMD LLC, PPSR Partners, LLC, AAKB Investments Limited, Destra Targeted Income Unit Investment Trust, on behalf of unitholders, a Delaware Statutory Trust, United States of America, Aquila Alpha LLC, 2 River Terrace Apartment 12J, LLC, Dioskouroi Kastor Polydeuces, LLC, 21B One Riiver Park LLC, Aquila Alshain LLC , Ranga Bhoomi LLC, Harmohan Parmar (a/k/a Harry Parmar), Kiran Sharma, The Red Fronted Macaw Trust, Young Conaway Stargatt & Taylor, LLP (in its capacity as Escrow Agent), Blue Cross Blue Shield of South Carolina, Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, in his capacity as Receiver, and John Does 1 through 100 inclusive,

Adv. Pro No. 18-08053 (AST)

Defendants.

--------------------------------------------------------------------------------x

--------------------------------------------------------------------------------x

Parmjit Singh Parmar, First United Health, LLC, and Constellation Health, LLC,

Cross-claim Plaintiffs,

v.

CC Capital CHT Holdco LLC and CHT Holdco LLC,

Cross-claim Defendants.

--------------------------------------------------------------------------------x

**ANSWER OF PARMJIT ("PAUL") PARMAR AND THE PARMAR ENTITIES TO COUNTERCLAIMS AND CROSSCLAIMS ASSERTED BY CC CAPITAL CHT HOLDCO LLC AND CHT HOLDCO LLC**

Parmjit ("Paul") Parmar and the respective Parmar Entities, by and through their attorneys, Windels Marx Lane & Mittendorf, LLP, hereby answer the allegations contained in the Counterclaims and Cross-claims of CC Capital CHT Holdco LLC ("CC Holdco") and CHT Holdco, LLC ("CHT Holdco"),[1] as follows:

1.       Deny the allegations contained in paragraph 376 of the Counterclaims and Cross claims.

2.       Deny the allegations contained in paragraph 377 of the Counterclaims and Cross-claims.

3.       Admit the allegations contained in paragraph 378 of the Counterclaims and Cross-claims, except they deny that CC Holdco provided $82,502,269.25 to fund the Merger.

4.       Deny the allegations contained in paragraph 379 of the Counterclaims and Cross-claims except they admit that a $82,502,269.25 investment and the $130,000,000 in Loan Facility Proceeds-totaling $212,502,269.25 (the Merger Proceeds)-were deposited into a CC Holdco Bank Account.

5.       Lack sufficient knowledge and/or information upon which to form a belief as to the allegations contained in paragraph 380 of the Counterclaims and Cross-claims, except they admit that certain of the Merger Proceeds were disbursed from the CC Holdco Bank Account to fund the Merger closing to pay expenses and Chinh Chu.

6.       Deny the allegations contained in paragraph 381 of the Counterclaims and Cross-claims.

7.       Deny the allegations contained in paragraph 382 of the Counterclaims and Cross-claims.

---

[1] Capitalized terms not otherwise defined herein are included solely for the purpose of responding to the various segments of the Counterclaims and Cross-claims but shall have no other meaning ascribed to them.

8.    Deny the allegations contained in paragraph 383 of the Counterclaims and Cross-clams.

9.    Deny the allegations contained in paragraph 384 of the Counterclaims and Cross-claims, except they admit that Parmar provided information to CC Holdco and CHT Holdco as directed by Chinh Chu.

10.    Deny the allegations contained in paragraph 385 of the Counterclaims and Cross-claims, except they admit that on May 16, 2018, the United States Attorney in New Jersey filed a two-count criminal complaint mistakenly charging Parmar, instead of Chinh Chu with securities fraud; Parmar was arrested on the aforesaid date and held until July 26, 2018 when bail was posted.

11.    Deny the allegations contained in paragraph 386 of the Counterclaims and Cross-claims, except they admit that the SEC filed a civil complaint against Parmar, alleging securities fraud.

12.    Deny the allegations contained in paragraph 387 of the Counterclaims and Cross-claims, except they admit that the DOJ engaged in various efforts to seize assets including obtaining seizure warrants regarding cash and filing an *in rem* forfeiture action in New Jersey against certain real property.

13.    Deny the allegations contained in paragraph 388 of the Counterclaims and Cross-claims.

## PARTIES

**Cross/Counter Claimants**

14.    Lacks sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 389 of the Counterclaims and Cross-claims.

15.    Deny the allegations contained in paragraph 390 of the Counterclaims and Cross-claims, except they admit that CHT Holdco is a Delaware limited liability company.

**Cross/Counter Defendants**

16.    Admits the allegations contained in paragraph 391 of the Counterclaims and Cross-claims.

17.    Deny the allegations contained in paragraph 392 of the Counterclaims and Cross-claims, except they admit that Zaharis was a member of the Board of CHT and an Australian citizen.

18.    Deny the allegations contained in paragraph 393 of the Counterclaims and Cross-claims, except they admit that Chivukula was the Secretary of CHT and a Director and Chief Financial Officer of Orion.

19.    Deny the allegations contained in paragraph 394 of the Counterclaims and Cross-claims, except they admit that Bakhshi was an owner of a number of CHT shares, served as a Director of CHT and, upon information and belief, is a citizen of the United Kingdom.

**Seller Defendants**

20.    Deny the allegations contained in paragraph 395 of the Counterclaims and Cross-claims, except they admit that Alpha Cepheus is a Delaware limited liability company, owned by CHLLC and FUH.

21.    Deny the allegations contained in paragraph 396 of the Counterclaims and Cross-claims, except they admit that CHLLC is a Delaware limited liability company, owned by FUH, Constellation Investment and Naya and Parmar is CHLLC's President.

22.    Deny the allegations contained in paragraph 397 of the Counterclaims and Cross-claims, except they admit that FUH is a Delaware limited liability company owned by Kiyomori.

**Parmar-Controlled Defendants**

23.　　Deny the allegations contained in paragraph 398 of the Counterclaims and Cross-claims, except they admit that Blue Mountain is a Delaware limited liability company.

24.　　Deny the allegations contained in paragraph 399 of the Counterclaims and Cross-claims, except they admit that PBPP Partners is a Delaware limited liability company.

25.　　Deny the allegations contained in paragraph 400 of the Counterclaims and Cross-claims, except they admit that PPSR is a Delaware limited liability company.

26.　　Deny the allegations contained in paragraph 401 of the Counterclaims and Cross-claims, except they admit that MYMSMD is a New Jersey limited liability company.

27.　　Deny the allegations contained in paragraph 402 of the Counterclaims and Cross-claims, except they admit that AAKB is a Guernsey entity.

28.　　Deny the allegations contained in paragraph 403 of the Counterclaims and Cross-claims, except they admit that Lexington is a Delaware limited liability company.

29.　　Deny the allegations contained in paragraph 404 of the Counterclaims and Cross-claims, except they admit that Pulsar is a Delaware limited liability company.

30.　　Deny the allegations contained in paragraph 405 of the Counterclaims and Cross-claims, except they admit that VEGA is a Delaware limited liability company.

31.　　Deny the allegations contained in paragraph 406 of the Counterclaims and Cross-claims, except they admit that AXIS is a Delaware limited liability company and that "Parmar-Controlled Defendants" refers to AXIS, VEGA, Pulsar, Lexington, AAKB, MYMSMD, PPSR, PBPP and Blue Mountain.

**Property Defendants**

32.    Deny the allegations contained in paragraph 407 of the Counterclaims and Cross-claims.

33.    Deny the allegations contained in paragraph 408 of the Counterclaims and Cross-claims, except they admit that 21B One River Park LLC is a Delaware limited liability company.

34.    Deny the allegations contained in paragraph 409 of the Counterclaims and Cross-claims, except they admit that Aquila Alshain LLC is a Delaware limited liability company and the sole member of 21B One River LLC.

35.    Deny the allegations contained in paragraph 410 of the Counterclaims and Cross-claims, except they admit that Sharma is Parmar's sister, resides at 5 Muncee Ct., Holmdel, New Jersey 07733-1246 and is a Trustee of The Red Fronted Macaw Trust.

36.    Deny the allegations contained in paragraph 411 of the Counterclaims and Cross-claims, except they admit that Red Trust is a trust formed under the laws of the State of New York and is the sole member of Aquila Alshain LLC.

37.    Deny the allegations contained in paragraph 412 of the Counterclaims and Cross-claims, except they admit that Harry Parmar resides at 40 Broad Street, Apt. 20 FG, New York, NY 10004.

38.    Deny the allegations contained in paragraph 413 of the Counterclaims and Cross-claims, except they admit that Ranga Bhoomi LLC is a Delaware limited liability company and that Ranga Bhoomi, Harry Parmar, Red Trust, Aquila Alshain, 21B One River Park and DKB, are referred to herein as the "Property Defendants".

**Debtor Defendants**

39.    Admit the allegations contained in paragraph 414 of the Counterclaims and Cross-claims.

40.    Deny the allegations contained in paragraph 415 of the Counterclaims and Cross-claims, except they admit that Orion is a Delaware corporation with a principal place of business in New Jersey and which owns one hundred (100%) percent of the interests in various operating entities and holding companies.

41.    Admit the allegations contained in paragraphs 416 through 423 of the Counterclaims and Cross-claims.

42.    Deny the allegations contained in paragraph 424 of the Counterclaims and Cross-claims, except they admit that Phoenix is a Delaware limited liability company owned by Orion.

43.    Deny the allegations contained in paragraph 425 of the Counterclaims and Cross-claims, except they admit that MDRX is a Delaware limited liability company owned by Orion.

44.    Admit the allegations contained in paragraph 426 of the Counterclaims and Cross-claims.

45.    Admit the allegations contained in paragraph 427 of the Counterclaims and Cross-claims.

## JURISDICTION AND VENUE

46.    Admit the allegations contained in paragraph 428 of the Counterclaims and Cross-claims.

47.    Deny the allegations contained in paragraph 429 of the Counterclaims and Cross-claims.

48.     Admit the allegations contained in paragraph 430 of the Counterclaims and Cross-claims.

49.     Deny the allegations contained in paragraph 431 of the Counterclaims and Cross-claims.

50.     In the event that this Bankruptcy Court or any other appropriate court finds any part of this Adversary Proceeding to be "non-core", Parmar and the Parmar Entities **DO NOT** consent to entry of final orders and judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

**I.    The Merger**

### Merger Negotiations and Execution of the Merger Agreements

51.     Deny the allegations contained in paragraph 433 of the Counterclaims and Cross-claims, except they admit that beginning in January 2016, CHT pursued a potential merger with Sun Capital and CC Capital.

52.     Deny the allegations contained in paragraph 434 of the Counterclaims and Cross-claims, except they admit that negotiations resulted in a Merger.

53.     Admit the allegations contained in paragraph 435 of the Counterclaims and Cross-claims.

54.     Deny the allegations contained in paragraph 436 of the Counterclaims and Cross-claims, except they admit that Alpha Cepheus LLC owned 53.5% of CHT's outstanding shares, other entities owned 11.65% of CHT's outstanding shares and the balance of CHT's shares were owned by British public shareholders.

55.    Admit the allegations contained in paragraph 437 of the Counterclaims and Cross-claims.

56.    Deny the allegations contained in paragraphs 438 and 439 of the Counterclaims and Cross-claims, except they admit that Zaharis and Chivukula provided CC Capital with information regarding CHT's operations and financial condition.

57.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 440 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 440 of the Counterclaims and Cross-claims.

58.    Admit the allegations contained in paragraph 441 of the Counterclaims and Cross-claims.

59.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 442, 443, 444 and 445 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 442, 443, 444 and 445 of the Counterclaims and Cross-claims.

60.    Admit the allegations contained in paragraph 446 of the Counterclaims and Cross-claims.

61.    Deny the allegations contained in paragraph 447 of the Counterclaims and Cross-claims, except they admit that the audited financial information provided by Parmar was represented by the auditors to be true and correct and was reviewed and analyzed by Chinh Chu, CC Capital and CHT Holdco and their lawyers and financial advisors – KPMG, McKinsey & Company and Winston & Strawn LLP.

62.    Deny the allegations contained in paragraph 448 of the Counterclaims and Cross-claims, except they admit that CHT Holdco and CC Holdco were formed on November 14, 2016.

63.    Admit the allegations contained in paragraphs 449 and 450 of the Counterclaims and Cross-claims.

64.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 451 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 451 of the Counterclaims and Cross-claims.

65.    Admit the allegations contained in paragraph 452 of the Counterclaims and Cross-claims.

66.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 453 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 453 of the Counterclaims and Cross-claims.

67.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 454 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or belief as to the truth of the allegations contained in paragraph 454 of the Counterclaims and Cross-claims.

68.    Deny the allegations contained in paragraph 455 of the Counterclaims and Cross-claims.

69.    Admit the allegations contained in paragraphs 456, 457 and 458 of the Counterclaims and Cross-claims.

70.     Deny the allegations contained in paragraph 459 of the Counterclaims and Cross-claims.

71.     Deny the allegations contained in paragraph 460 of the Counterclaims and Cross-claims, except they admit that based upon the information provided by Duff & Phelps, KPMG and their other advisors, CC Holdco, CC Capital and Chinh Chu believed that a fair valuation of CHT was in excess of $400 million.

72.     Deny the allegations contained in paragraph 461 of the Counterclaims and Cross-claims, except they admit that at the closing of the Merger the Acquisition Price for each outstanding share of CHT's stock was $2.93 in cash and $0.43 in a promissory note per share.

## The Fraud is Discovered After the Closing of the Merger

73.     Admit the allegations contained in paragraph 462 of the Counterclaims and Cross-claims.

74.     Deny the allegations contained in paragraph 463 of the Counterclaims and Cross-claims, except they admit that Tru To, who had led the financial due diligence efforts for Chinh Chu, CC Holdco and CHT Holdco while at KPMG, was hired as Chief Financial Officer of CHT.

75.     Deny the allegations contained in paragraph 464 of the Counterclaims and Cross-claims, except they admit that in or about September 2017, Parmar complained to Chinh Chu about Truc To and the increased oversight and interference.

76.     Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 465 of the Counterclaims and Cross-claims.

77.     Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 466 and the Parmar Entities deny the allegations in paragraph 466, except they admit that a specially called meeting of CHT's Board was held on September 29, 2017.

78.     Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 467 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 467 of the Counterclaims and Cross-claims.

79.     Admit the allegations contained in paragraph 468 of the Counterclaims and Cross-claims.

80.     Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 469 and 470 of the Counterclaims and Cross-claims except they admit that (i) Zaharis and Chivukula were placed on administrative leave and then terminated on October 13, 2017 and (ii) that Tim Dragelin was appointed by Chinh Chu as CHT's interim CEO and CFO.

81.     Deny the allegations contained in paragraph 471 of the Counterclaims and Cross-claims.

82.     Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 472 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 472 of the Counterclaims and Cross-claims.

83.     Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 473 of the Counterclaims and Cross-claims and the Parmar Entities lack

sufficient knowledge and/or information upon which to form a belief as to the truth of the source of the description of MDRX.

84.      Parmar and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 474, 475 and 476.

85.      Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 477, 478, 479, 480, 481, 482, 483 and 484 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 477, 478, 479, 480, 481, 482, 483 and 484 of the Counterclaims and Cross-claims.

86.      Parmar and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 485 of the Counterclaims and Cross-claims.

87.      Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 486, 487 and 488 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 486, 487 and 488 of the Counterclaims and Cross-claims.

88.      Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 489 and 490 and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 489 and 490 of the Counterclaims and Cross-claims.

89.    Parmar assets his Fifth Amendment privilege with respect to the allegations contained in paragraphs 491, 492  and 493 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 491 of the Counterclaims and Cross-claims and deny the allegations contained in paragraphs 492 and 493 of the Counterclaims and Cross-claims.

## II.    Disbursement of the Fraudulently Obtained Merger Proceeds

90.    Lack sufficient knowledge and/or information upon which to form a belief as to the allegations contained in paragraph 494 of the Counterclaims and Cross-claims.

91.    Deny the allegations contained in paragraph 495 of the Counterclaims and Cross-claims, except they admit that funds were used by CC Holdco to purchase membership interests in CHT Holdco and Chinh Chu pocketed approximately $6.5 million of the funds.

92.    Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 496, 497, 498, 499 and 500 of the Counterclaims and Cross-claims.

93.    Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 501, 502, 503, 504, 505, 506, 507, 508, 509 and 510 of the Counterclaims and Cross-claims.

94.    Admit the allegations contained in paragraph 511 of the Counterclaims and Cross-claims, except they deny that CHT Holdco became the owner of all of the issued and outstanding shares of CHT.

95.     Deny the allegations contained in paragraphs 512 and 513 of the Counterclaims and Cross-claims, except they admit that Capital wired $45,959,429.23 into the RB Escrow Account.

96.     Deny the allegations contained in paragraph 514 of the Counterclaims and Cross-claims, except they admit that on March 15, 2017, the DOJ seized $20,100,356.70 held in the RB Escrow Account.

97.     Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 515 and 516 of the Counterclaims and Cross-claims, except they admit that Timothy Dragelin filed a Declaration in Support of Chapter 11 Petitions and First Day Motions.

**Properties Purchased with the Merger Proceeds**

98.     Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 517 of the Counterclaims and Cross-claims.

99.     Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 518, 519 and 520 and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 518, 519 and 520 of the Counterclaim and Cross-claims.

100.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 521, 522, 523 and 524 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 521, 522, 523 and 524 of the Counterclaims and Cross-claims.

101.    Admits the allegations contained in paragraph 525 of the Counterclaims and Cross-claims.

102.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 526, 527, 28 and 529 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 526, 527, 528 and 529 of the Counterclaims and Cross-claims.

103.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 530, 531 and 532 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 530, 531 and 532 of the Counterclaims and Cross-claims.

104.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 533, 534 and 535 and the Parmar Entities deny the allegations contained in paragraphs 533 and 534 and lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 535 of the Counterclaims and Cross-claims.

105.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 536 and 537 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 536 and 537 of the Counterclaims and Cross-claims, except they admit that DKP was formed on June 27, 2017.

106.    Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraphs 538 and 539.

107.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 540 of the Counterclaims and Cross-claims and the Parmar Entities lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 540 of the Counterclaims and Cross-claims.

### Merger Proceeds Fund the Destra Escrow

108.    Admit the allegations contained in paragraphs 541, 542, 543, 544, 545, 546, 547 and 548 of the Counterclaims and Cross-claims.

109.    Admit the allegations contained in paragraph 549 of the Counterclaims and Cross-claims.

**III.    The Bankruptcy of Orion, CHT and the Other Debtors**

110.    Admit the allegations contained in paragraphs 550 and 551 of the Counterclaims and Cross-claims.

111.    Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 552 of the Counterclaim and Cross-claims.

**IV.    Criminal Prosecution of the Fraud and Other Government Actions**

112.    Admit the allegations contained in paragraph 553 of the Counterclaims and Cross-claims.

113.    Deny the allegations contained in paragraph 554 of the Counterclaims and Cross-claims, except they admit that Parmar is confined to his home with limited permitted travel and subject to electronic monitoring and lack sufficient knowledge and/or information upon which to form a belief as to the truth of the whereabouts of Zaharis and Chivukula.

114.    Deny the allegations contained in paragraph 555 of the Counterclaims and Cross-claims, except they admit that complaints were filed by the United States government on May 16, 2018 against Parmar, Zaharis and Chivukula.

115.    Admit the allegations contained in paragraph 556 of the Counterclaims and Cross-claims.

116.    Deny the allegations contained in paragraph 557 of the Counterclaims and Cross-claims, except they admit that on May 16, 2018, the SEC filed a Civil complaint against Parmar, Zaharis and Chivukula, alleging fraud and securities fraud.

117.    Admit the allegations contained in paragraphs 558, 559, 560 and 561 of the Counterclaims and Cross-claims.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I**

**Common Law Fraud Against Parmar the Seller Defendants,**
<u>**Zaharis, Chivukula and the Debtor Defendants**</u>

118.    Parmar and the Parmar Entities repeat and reallege their answers to the previous allegations with the same force and effect as if fully set forth herein.

119.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 563, 564, 565, 566 and 568 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 563, 564, 565, 566 and 568 of the Counterclaims and Cross-claims.

120.    Deny the allegations contained in paragraphs 567, 569 and 570 of the Counterclaims and Cross-claims.

## COUNT II

### Aiding and Abetting Fraud Against the Parmar-Controlled
### Defendants, the Property Defendants and Bakhshi

121.    Parmar and the Parmar Entities repeat and reallege their answers to the previous

allegations with the same force and effect as if fully set forth herein.

122.    Parmar asserts his Fifth Amendment privilege with respect to the allegations

contained in paragraphs 572, 573, 574, 575, 576 and 577 of the Counterclaims and Cross-claims,

and the Parmar Entities deny the allegations contained in paragraphs 572, 573, 574 and 575 of

the Counterclaims and Cross-claims and lack sufficient knowledge and/or information upon

which to form a belief as to the truth of the allegations contained in paragraphs 576 and 577 of

the Counterclaims and Cross-claims.

123.    Deny the allegations contained in paragraphs 578 and 579 of the Counterclaims

and Cross-claims.

## COUNT III

### Fraudulent Inducement Against Parmar,
### the Seller Defendants and Debtor CHT

124.    Parmar and the Parmar Entities repeat and reallege their answers to all previous

allegations with the same force and effect as if fully set forth herein.

125.    Parmar asserts his Fifth Amendment privilege with respect to the allegations

contained in paragraphs 581, 582, 583 and 584 of the Counterclaims and Cross-claims and the

Parmar Entities deny the allegations contained in paragraphs 581, 582, 583 and 584 of the

Counterclaims and Cross-claims.

126.    Deny the allegations contained in paragraphs 585, 586, 587 and 588 of the Counterclaims and Cross-claims.

## COUNT IV

### Securities Fraud Under Section 10(b) of the Exchange Act
### Against Parmar, the Seller Defendants, Zaharis, Chivukula and Debtor CHT

127.    Parmar and the Parmar Entities repeat and reallege their answers to all previous allegations with the same force and effect as if fully set forth herein.

128.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 590, 591, 592, 593, 594, 595 and 596 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 590, 591, 592, 593, 594, 595 and 596 of the Counterclaims and Cross-claims.

129.    The allegations contained in paragraph 597 of the Counterclaims and Cross-claims are legal conclusions and do not require a response; however, to the extent a response is required, the allegations contained in paragraph 597 are denied.

130.    Deny the allegations contained in paragraphs 598 and 599 of the Counterclaims and Cross-claims.

## COUNT V

### Securities Fraud Under 6 Del. C. §§73-201, 73-605 Against
### Parmar, the Seller Defendants, Zaharis, Chivukula and Debtor CHT

131.    Parmar and the Parmar Entities repeat and reallege each of their answers to the previous allegations with the same force and effect as if fully set forth herein.

132.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 601, 602, 603 604, 605 and 606 of the Counterclaims and Cross-claims

and the Parmar Entities deny the allegations contained in paragraphs 601, 602, 603, 604, 605 and 606 of the Counterclaims and Cross-claims.

133.    Deny the allegations contained in paragraphs 607 and 608 of the Counterclaims and Cross-claims.

## COUNT VI

### Control Person Liability Under Section 20(a) of the Exchange Act Against Parmar, Zaharis and Chivukula in Connection with the Seller Defendants and Debtor CHT

134.    Parmar and the Parmar Entities repeat and reallege each of their answers to the previous allegations with the same force and effect as if fully set forth herein.

135.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 610, 611, 612 and 613 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 610, 611, 612, and 613 of the Counterclaims and Cross-claims.

136.    Deny the allegations contained in paragraphs 614 and 615 of the Counterclaims and Cross-claims.

## COUNT VII

### Control Person Liability Under 6 Del. C. §§73-201, 73-605 Against Parmar, Zaharis and Chivukula in Connection with the Seller Defendants and Debtor CHT

137.    Parmar and the Parmar Entities repeat and reallege each of their answers to the previous allegations with the same force and effect as if fully set forth herein.

138.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 617, 618, 619 and 620 of the Counterclaims and Cross-claims and the

Parmar Entities deny the allegations contained in paragraphs 617, 618, 619 and 620 of the Counterclaims and Cross-claims.

139.    Deny the allegations contained in paragraphs 621 and 622 of the Counterclaims and Cross-claims.

## COUNT VIII

### Control Person Liability Under Section 20(a) of the Exchange Act
### Against Parmar in Connection with CHT Holdco

140.    Parmar and the Parmar Entities repeat and reallege each of their answers to the previous allegations with the same force and effect as if fully set forth herein.

141.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 624 and 625 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 624 and 625 of the Counterclaims and Cross-claims.

142.    Deny the allegations contained in paragraphs 626 and 627 of the Counterclaims and Cross-claims.

## COUNT IX

### Control Person Liability Under 6 Del. C. §§73-201, 73-605
### Against Parmar in Connection with CHT Holdco

143.    Parmar and the Parmar Entities repeat and reallege each of their answers to the previous allegations with the same force and effect as if fully set forth herein.

144.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 629, 630 and 631 of the Counterclaims and Cross-claims and the Parmar

Entities deny the allegations contained in paragraphs 629, 630 and 631 of the Counterclaims and Cross-claims.

145.    Deny the allegations contained in paragraphs 632 of the Counterclaims and Cross-claims.

## COUNT X

### Breach of Contract Against Parmar, the Seller Defendants and Debtors Orion and CHT

146.    Parmar and the Parmar Entities repeat and reallege each of the answers to the previous allegations with the same force and effect as if fully set forth herein.

### A.    *The Subscription Agreement*

147.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 634, 635 and 636 of the Counterclaims and Cross-claims and the Parmar Entities admit the allegations contained in paragraph 634 of the Counterclaims and Cross-claims.

148.    The Parmar Entities deny the allegations contained in paragraphs 635, 636, 637 and 638 of the Counterclaims and Cross-claims and Parmar denies the allegations in paragraphs 637 and 638.

### B.    *The Merger Agreement*

149.    Admit the allegations contained in paragraph 639.

150.    Lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 640 of the Counterclaims and Cross-claims and respectfully refers the Court to the Merger Agreement for its terms.

151.    Deny the allegations contained in paragraphs 641 and 642 of the Counterclaims and Cross-claims.

## COUNT XI

### Indemnification Under the Subscription Agreement
### §§7.2(a), (d) Against Parmar and the Seller Defendants

152.   Parmar and the Parmar Entities repeat and reallege each of their answers to the previous allegations with the same force and effect as if fully set forth herein.

153.   Respectfully refers the Court to the Subscription Agreement referred to in paragraphs 644 and 646 of the Counterclaims and Cross-claims and otherwise deny the allegations contained in paragraphs 644 and 646 of the Counterclaims and Cross-claims.

154.   Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 645 and 647 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 645 and 647 of the Counterclaims and Cross-claims.

155.   Deny the allegations contained in paragraph 648 of the Counterclaims and Cross-claims.

## COUNT XII

### Foreclosure of the Membership Interests
### Held by Alpha Cepheus, CHLLC and First United

156.   Parmar and the Parmar Entities repeat and reallege each and every answer to the previous allegations with the same force and effect as if fully set forth herein.

157.   Respectfully refers the Court to the Pledge and Security Agreements with respect to the allegations contained in paragraphs 651, 652, 653, 655 and 657 of the Counterclaims and Cross-claims and respectfully refers the Court to the terms of the Subscription Agreement with

respect to the allegations contained in paragraphs 654 and 656 of the Counterclaims and Cross-claims.

158.    Deny the allegations contained in paragraphs 650 and 658 of the Counterclaims and Cross-claims.

<div align="center">

**COUNT XIII**

**Unjust Enrichment Against Parmar, the Seller Defendants,
the Parmar-Controlled Defendants, the Property Defendants,
<u>Zaharis, Chivukula and Debtor CHT</u>**

</div>

159.    Parmar and the Parmar Entities repeat and reallege each and every answers to the previous allegations with the same force and effect as if fully set forth herein.

*A.     The Merger Proceeds*

160.    Parmar asserts his Fifth Amendment privilege  with respect to the allegations contained in paragraphs 660, 662 and 663 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 660, 662 and 663 of the Counterclaims and cross-claims.

161.    Deny the allegations contained in paragraphs 661 of the Counterclaims and Cross-claims.

*B.     The Parmar Real Property*

162.    Deny the allegations contained in paragraphs 664, 665, 666 and 667 of the Counterclaims and Cross-claims.

## COUNT XIV

### Replevin Against Parmar, the Seller Defendants,
### the Parmar Controlled Defendants, Zaharis and Chivukula

163.    Parmar and the Parmar Entities repeat and reallege each and every answer to the previous allegations with the same force and effect as if fully set forth herein.

164.    Deny the allegations contained in paragraphs 669, 670, 671 and 672 of the Counterclaims and Cross-claims.

## COUNT XV

### Civil Conspiracy Against Parmar, Zaharis, Chivukula, Bakhshi
### the Seller Defendants, the Parmar-Controlled Defendants
### and the Property Defendants

165.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraphs 674, 675 and 676 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraphs 675 and 676 of the Counterclaims and Cross-claims but lack sufficient knowledge and/or information upon which to form a belief as to the truth of the allegations contained in paragraph 674 of the Counterclaims and Cross-claims.

166.    Deny the allegations contained in paragraphs 677 and 678 of the Counterclaims and Cross-claims.

## COUNT XVI

### Conversion Against Parmar, the Seller Defendants,
### the Parmar-Controlled Defendants, the Property Defendants,
### Zaharis, Chivukula and Debtor CHT

167.    Parmar and the Parmar Entities repeat and reallege each and every answer to the previous allegations with the same force and effect as if fully set forth herein.

### A.    *The Merger Proceeds*

168.    Deny the allegations contained in paragraphs 680, 681, 682, 683, 684 and 685 of the Counterclaims and Cross-claims.

### B.    *The Parmar Real Property*

169.    Deny the allegations contained in paragraphs 686, 687, 688 and 691 of the Counterclaims and Cross-claims.

170.    Admit the allegations contained in paragraphs 689 and 690 of the Counterclaims and Cross-claims, except they deny that CC Holdco possesses "rightful share of 38.8% of the Broad Street Property and Riverside Boulevard Property.

## COUNT XVII

### Constructive Trust Against Parmar, the Seller Defendants, the Parmar-Controlled Defendants, the Property Defendants, Zaharis, Chivukula and Debtor CHT

171.    Parmar and the Parmar Entities repeat and reallege each and every answer to the previous allegations with the same force and effect as if fully set forth herein.

### A.    *The Merger Proceeds*

172.    Parmar asserts his Fifth Amendment privilege with respect to the allegations contained in paragraph 693 of the Counterclaims and Cross-claims and the Parmar Entities deny the allegations contained in paragraph 693 of the Counterclaims and Cross-claims.

173.    Deny the allegations contained in paragraphs 694, 695 and 696 of the Counterclaims and Cross-claims.

### B.    *The Parmar Real Property*

174.    Deny the allegations contained in paragraphs 697, 698 and 699 of the Counterclaims and Cross-claims.

## COUNT XVIII

### Declaratory Judgment Against Debtor CHT

175.    Parmar and the Parmar Entities repeat and reallege each and every answer to the previous allegations with the same force and effect as if fully set forth herein.

176.    Denies the allegations contained in paragraphs 701, 702, 703 and 704 of the Counterclaims and Cross-claims.

### PRAYER FOR RELIEF

**WHEREFORE**, Parmjit Parmar and the Parmar Entities respectfully request that judgment be entered in their favor and against CC Capital CHT Holdco, LLC and CHT Holdco, LLC dismissing Counts I through XVIII of the Counterclaims and Cross-claims in their entirety and with prejudice, and such other and further relief as to which this Court deems acceptable, including the payment of costs, including legal fees, incurred by Parmar and the Parmar Entities in this defense of this matter.

Dated:  August 24, 2018
New York, New York

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP

By: /s/ Charles E. Simpson
Charles E. Simpson
Jeffrey C. Hoffman
John H. Keneally
156 West 56th Street
New York, New York 10019
(212) 237-1000
(212) 262-1215 (Facsimile)
csimpson@windelsmarx.com
jhoffman@windelsmarx.com
jkeneally@windelsmarx.com

## CERTIFICATE OF SERVICE

MARIA VITALE-RULLO, hereby certifies that:

1.      I am employed by Windels Marx Lane & Mittendorf, LLP, located at 156 West 56th Street, New York, New York 10019.  I am over the age of eighteen (18) years and I am not a party to the above-captioned proceeding.

2.      On August 28, 2018, I caused to be served the *ANSWER* of Parmjit ("Paul") Parmar and the Parmar Entities to Counterclaims and Cross-claims Asserted by CC Capital, CHT Holdco LLC and CHT Holdco LLC, by causing true and correct copies to be delivered *via electronic mail* to the following parties:

John Amato, Esq.
jamato@hahnhessen.com

Joseph Orbach, Esq.
jorbach@hahnhessen.com

Brett D. Goodman, Esq.
brett.goodman@troutmansanders.com

and caused to be served by Regular Mail on the following parties:

John Amato, Esq.
Joseph Orbach, Esq.
Hahn & Hessen
488 Madison Avenue
New York, NY 10022

Brett D. Goodman, Esq.
Troutman Sanders
875 Third Avenue
New York, NY 10022

at the addresses designated by said persons or entities for that purpose.

/s/ Maria Vitale-Rullo
Maria Vitale-Rullo