UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
In re:                                                               :   Chapter 11
                                                                     :
Orion HealthCorp, Inc., *et al.*,                                    :   Case No. 18-71748 (AST)
                                                                     :   (Jointly Administered)
      Debtors.                         :
                                                                     :
---------------------------------------------------------------------- :
                                                                     :
---------------------------------------------------------------------- :
Orion Healthcorp, Inc., *et al.*,                                    :
                                                                     :
      Plaintiffs,                      :
                                                                     :
                        :   Adv. Pro. No. 18-08053
  v.                                                       :   (AST)
                                                                     :
Parmjit Singh Parmar (a/k/a Paul Parmar), *et al.*,                  :
                                                                     :
      Defendants.                      :
                                                                     :
---------------------------------------------------------------------- x

## CONTESTED MATTER SCHEDULING ORDER FOR MOTION APPROVING GLOBAL SETTLEMENT

  The Court enters this Order in accordance with Federal Rule of Civil Procedure 16, as incorporated by Rules 7016 and 9014 of the Federal Rules of Bankruptcy Procedure.

  Pending before the Court are the following:

  Liquidating Trustee's ("Liquidating Trustee") Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code for Entry of an Order Approving Settlement Agreement By and Among the Liquidating Trustee, the Destra Parties, CC Capital and the United States of America (the "Motion") [dkt item 222];

  Objection to the Motion ("Objection") for an Order Approving the Proposed Settlement Agreement by and Among the Liquidating Trustee, the CC Capital Parties and the Secured Lenders Filed on behalf of Parmjit Singh Parmar ("Parmar") and "the Parmar Entities" (collectively, the "Objectors") [dkt item 226];

  Liquidating Trustee's Reply in Further Support of Motion to Approve CC Capital Settlement Agreement (the "Reply") [dkt item 227]; and

Objector's Response to the Reply in Further Support of Liquidating Trustee's Motion Pursuant to Rule 9019 of the Federal Rules Of Bankruptcy Procedure and Section 105 of the Bankruptcy Code for Entry of an Order Approving Settlement Agreement by and Among The Liquidating Trustee, the CC Capital Parties and the Secured Lenders (the "Sur-Reply") [dkt item 228].

**Hearing Date and Time Limits:**

1. An evidentiary hearing ("Hearing") on the Motion shall be held on **February 5, 2020 at 11:00 a.m.** in Courtroom 2554, United States Bankruptcy Court Eastern District of New York Conrad B. Duberstein Memorial Courthouse 271-C Cadman Plaza East, Brooklyn, NY 11201.

   The Liquidating Trustee and the Objectors shall each be given **sixty (60) minutes per side** to present all arguments and evidence.

**Direct Testimony by Affidavit & Prehearing Submissions:**

2. On or before **December 9, 2019**, the parties shall identify in a letter to be filed on the docket in the main case and in this adversary proceeding and emailed to chambers any witnesses they may each call at the Hearing, other than any witnesses that may be called solely for rebuttal.

3. On or before **December 20, 2019**, the parties shall submit any direct testimony from themselves and any witness under their control by Affidavit(s) signed by the witness(es), such affidavits to be filed on the docket in the main case and in this adversary proceeding and emailed to chambers, other than as to any witnesses that may be called solely for rebuttal.

   The Parties may not call any other witnesses other that the witnesses to be identified in this Order. Copies of the filed Affidavits shall be served upon the opposing party by facsimile, electronic mail, or first class mail contemporaneously with the filing of

same with the Court. Any witness for whom an Affidavit of direct testimony has been filed must appear at the Hearing for cross-examination.

Nothing contained herein, however, shall limit the applicability of Rule 7032 of the Federal Rules of Bankruptcy Procedure.

4. The parties shall exchange all exhibits (other than exhibits to be used solely for rebuttal or impeachment) by no later than **December 20, 2019**. The parties shall bring sufficient copies of all exhibits to Court for the Hearing so that a copy is available for the Courtroom Deputy, the witness and each counsel. The parties shall provide two (2) additional sets of exhibits in hard copy, and one (1) additional set on a CD Rom, flash drive or other media to Chambers in Central Islip, New York no less than three (3) business days prior to the Hearing. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers (Liquidating Trustee shall designate his exhibits using numbers and the Objectors shall designate their exhibits using letters).

Any objection to any portion of a witness affidavit or the introduction of any exhibits, including evidentiary objections, shall be filed no later than **January 17, 2020 at 4:00 p.m.**

5. Any further pleadings related to the Motion shall be filed by **December 9, 2019**. No pleadings filed after this deadline will be considered by the court.

6. The parties may each file hearing briefs and submit proposed findings of fact and conclusions of law contemporaneous with the filing of the Affidavits.

7. Pleadings filed in accordance with this Order shall be filed as editable text, and shall **not** be filed as scanned images.

8. On or before **December 20, 2019**, the United States of America, acting through the Department of Justice, shall file a letter on the docket in the main case and in this adversary proceeding, and email same to chambers, regarding the status of whether the United States has approved or disapproved the settlement as set out in the Motion.

**Sanctions for Non-Compliance:**

9. Failure to strictly comply with any of the provisions of the Order may result in the automatic entry of a dismissal, sanctions, a default, or other relief as the circumstances warrant, in accordance with Federal Rule of Civil Procedure 16, as incorporated by Federal Rules of Bankruptcy Procedure 7016 and 9014.

**Service:**

10. The Liquidating Trustee shall serve a copy of this Order by no later than three (3) business days following entry of this Order (and shall file proof of service by no later than three (3) business days following service of this Order) upon counsel to the Objectors by email and regular mail and by regular mail to all Defendants.



Dated: November 21, 2019
Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**