# EXHIBIT 3

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                            : Chapter 11
                                                  :
Orion HealthCorp, Inc., *et al.*,                 : Case No. 18-71748-67 (AST)
                                                  : Case No. 18-71789 (AST)
                         Debtors.                 : Case No. 18-74545 (AST)
                                                  :
---------------------------------------------------------------x (Jointly Administered)
Howard M. Ehrenberg in his capacity as Liquidating :
Trustee of Orion Healthcorp, Inc., *et al.*, CHT  :
Holdco, LLC, and CC Capital CHT Holdco LLC,       :
                                                  :
                         Plaintiffs,              :
                v.                                : Adv. Pro. No. 18-08053 (AST)
                                                  :
Parmjit Singh Parmar a/k/a Paul Parmar, *et al.*, :
                                                  :
                         Defendants.              :
---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING LIQUIDATING TRUSTEE'S
MOTION FOR ENTRY OF DEFAULT AND ENTRY OF FINAL DEFAULT
JUDGMENT AGAINST DEFENNDANT AQUILA ALPHA, LLC**

Upon consideration of the motion (the "Motion") of plaintiff Howard M. Ehrenberg, in his capacity as the Liquidating Trustee (the "Plaintiff" or "Liquidating Trustee") of Orion Healthcorp, Inc. ("Orion"), Constellation Healthcare Technologies, Inc., and certain of their affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through his undersigned counsel, Thompson Coburn Hahn & Hessen LLP, as presented by Notice of Presentment dated August 4, 2021, seeking (a) pursuant to Rule 7055-1 of the Local Bankruptcy Rules of the Eastern District of New York, Fed. R. Civ. P. 55(b)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7005, and Fed. R. Civ. P. 54(b), made applicable to this proceeding by Fed. R. Bankr. P. 7054, entry of default and immediate entry of a final default judgment against Defendant

Aquila Alpha, LLC (the "Defendant") on Counts I and V through VIII of the Second Amended Adversary Proceeding Complaint dated January 14, 2020 (the "Second Amended Complaint"), (i) avoiding the transfer of the Colts Neck Property Mortgage (as defined in the Second Amended Complaint) as an actual and/or constructive fraudulent conveyance, and (ii) directing the turnover of the Colts Neck Property Mortgage to the Liquidating Trustee; and (b) for such other and further relief as this Court deems just and proper; and upon the (a) Declaration of Frank A. Lazzara dated May 20, 2021 in support of the Motion, and the exhibits annexed thereto, (b) Declaration of John P. Amato dated August 4, 2021 in support of the Motion, and the exhibits annexed thereto, and (c) Memorandum of Law in Support of the Motion; and it appearing that Defendant has been duly served and due and proper notice of this proceeding and the Motion having been given; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief requested therein; and the Court having jurisdiction to consider the Motion; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that**:

1. The Liquidating Trustee's Motion is granted in its entirety.

2. Defendant is in default in answering, appearing and/or otherwise responding to the Second Amended Complaint, after having been properly served, and Defendant's time to do so has now expired, and default of Defendant is hereby entered.

3. Final default judgment may immediately be entered against the Defendant on Counts I and V through VIII of the Second Amended Complaint (a) avoiding the transfer of the Colts Neck Property Mortgage to Defendant as an actual and constructive fraudulent transfer under 11 U.S.C. (the "Bankruptcy Code") §§ 548(a)(1)(A), (a)(1)(B) and

550 and Bankruptcy Code §§ 544 and 550 and Delaware Code §§ 1304(a)(1), (a)(2) and 1305(a); and (b) directing Defendant to turn over the Colts Neck Property Mortgage to the Liquidating Trustee pursuant to Bankruptcy Code § 542.

4. The Colt's Neck Property Mortgage, in the possession, custody or control of the Defendant was purchased with the Debtors' funds and is the property of the Debtors' estates; Defendant has no ownership interest in the Colts Neck Property Mortgage and all equitable and legal ownership of the Colts Neck Property Mortgage resides with the Liquidating Trustee, as the duly authorized representative of the Debtors' estates.

5. Defendant is directed to perform all acts required to effect the turnover of ownership of the Colts Neck Property Mortgage to the Liquidating Trustee, including, without limitation, execution of a duly notarized written assignment of the Colts Neck Property Mortgage to the Liquidating Trustee properly recorded with the County Clerk, Monmouth County, within twenty (20) days of this Bankruptcy Court entering Judgment.

6. This Bankruptcy Court retains jurisdiction to implement and enforce this Order.

Dated: Central Islip, New York
      September __, 2021

                                                         **Alan S. Trust**
                                              **Chief United States Bankruptcy Judge**