UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
-- : Chapter 11
In re: :
 : Case No. 18-71748-67 (AST)
Orion HealthCorp, Inc., *et al*., : Case No. 18-71789 (AST)
 : Case No. 18-74545 (AST)
Debtors.:
 x (Jointly Administered)
---------------------------------------------------------------- :
Howard M. Ehrenberg in his capacity as Liquidating:
Trustee of Orion Healthcorp, Inc., *et al*., CHT Holdco,:
LLC, and CC Capital CHT Holdco LLC, :
 : Adv. Pro. No. 18-08053 (AST)
Plaintiffs, :
v. :
 :
Parmjit Singh Parmar a/k/a Paul Parmar, *et al.*, :
 :
 x
Defendants.
----------------------------------------------------------------

## **ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

*Procedural history*

On April 4, 2018, entities which were chapter 11 debtors before this Court[1] commenced this adversary proceeding against Defendants, Parmjit Singh Parmar (a/k/a Paul Parmar), Ravi Chivukula, Sotiros Zaharis, Naya Constellation Health, LLC, Alpha Cepheus, LLC, Constellation Health Investment, LLC, First United Health, LLC, Taira no Kiyomori LLC, Blue Mountain Healthcare, LLC, Destra Targeted Income Unit Investment Trust, on behalf of

---

[1] Orion HealthCorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus, LLC; Physicians Practice Plus Holdings, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, LTD.; MDRX Medical Billing, LLC; Vega Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; Phoenix Health, LLC; New York Network Management, L.L.C.; CHT Holdco, LLC (collectively, Debtors").

unitholders, a Delaware Statutory Trust, Constellation Health Group, LLC, Constellation Health, LLC, United States of America and Young Conaway Stargatt & Taylor, LLP (in its capacity as Escrow Agent).

On June 4, 2018, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Debtors (the "Trustee"), filed a First Amended Complaint to add as Defendants Pavan Bakshi, Constellation Health Group, LLC, Constellation Health, LLC, CC Capital CHT Holdco LLC, CHT Holdco LLC, PBPP Partners LLC, Axis Medical Services, LLC, Vega Advanced Care LLC, Pulsar Advance Care LLC, Lexington Landmark Services LLC, MYMSMD LLC, PPSR Partners, LLC, AAKB Investments Limited, Aquila Alpha LLC, 2 River Terrace Apartment 12J LLC, Dioskouroi Kastor Polydeuces, LLC, 21B One River Park LLC, Aquila Alshain LLC, Ranga Bhoomi LLC, Harmohan Parmar (a/k/a Harry Parmar), Kiran Sharma, The Red Fronted Macaw Trust, Blue Cross Blue Shield of South Carolina, Honorable Trinidad Navarro Insurance Commissioner of the State of Delaware, in his capacity as Receiver, and John Does 1 through 100 inclusive. Collectively, the Defendants from the Original Complaint and First Amended Complaint comprise the "Defendants."

On July 10, 2018, Parmjit ("Paul") Parmar ("Paul Parmar") and his respective Parmar Entities[2] filed their answer to the First-Amended Complaint and Crossclaim against CC Capital CHT Holdco LLC and CHT Holdco LLC.

On August 15, 2018, Defendants CC Capital CHT Holdco LLC and CHT Holdco, LLC filed their answer to the First Amended Complaint, asserting their affirmative defenses, counterclaims and crossclaims (the "Crossclaim").

---

[2] "Parmar Entities" refers to the entities controlled by Parmjit ("Paul") Parmar, otherwise known as AXIS, VEGA, Pulsar, Lexington, AAKB, MYMSMD, PPSR, PBPP and Blue Mountain.

On August 29, 2018, Paul Parmar and his respective Parmar Entities filed their answer to the Crossclaim (the "Answer to Crossclaim").

On January 14, 2021, the Trustee filed and served a Second Amended Complaint on the Defendants pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Answers or responsive pleadings to the Second Amended Complaint were due February 18, 2021, as required by Rules 8 and 12 of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by Bankruptcy Rules 7008 and 7012. However, the following Defendants failed to timely answer or otherwise move with respect to the Second Amended Complaint: Paul Parmar, Ravi Chivukula, Sotiros Zaharis, Naya Constellation Health, LLC, Constellation Health Investment, LLC, First United Health, LLC, Taira no Kiyomori LLC, Axis Medical Services, LLC, Vega Advanced Care LLC, Pulsar Advance Care LLC, Lexington Landmark Services LLC, MYMSMD LLC, PPSR Partners, LLC, 21B One River Park LLC, Aquila Alshain LLC, Ranga Bhoomi LLC, and The Red Fronted Macaw Trust (collectively the "Defaulting Defendants").

Significant disputes have been resolved during the course of this adversary proceeding unrelated to the Defaulting Defendants.

On June 2, 2023, over 2 years after the Defaulting Defendants had failed to respond to the Second Amended Complaint, the Trustee filed a Motion for Default Judgment (the "Default Motion") against the Defaulting Defendants. In the Default Motion, the Trustee sought entry of a default judgment against the Defaulting Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2), as incorporated by Bankruptcy Rule 7055, Rule 7055-1 of the Local Bankruptcy Rules

of the Eastern District of New York, and Federal Rule 54(b) (made applicable to this adversary proceeding by Bankruptcy Rule 7054).

On July 26, 2023, within fifty-five (55) days of the Default Motion being filed, the Defaulting Defendants filed Oppositions to the Default Motion.

This Court held a status conference on, *inter alia*, the Default Motion on October 24, 2023. All of the Defaulting Defendants appeared through counsel.

*Discussion*

Federal Rule of Civil Procedure 55(b)(2) provides that the Court may enter a default judgement when parties timely fail to plead or otherwise move to defend a lawsuit. Because a default judgement is a "harsh remedy, not to be utilized without a careful weighing of its appropriateness," a judge shall "exercise sound judicial discretion in determining whether the judgement should be entered." *See Stirrat v. Ace Audio/Visual, Inc.*, 2004 U.S. Dist. LEXIS 31798, at *3 (E.D.N.Y. Oct. 3, 2003) (citing *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 95 (2d Cir. 1993); also citing *Dodson v. Runyon*, 86 F.3d 37, 39 (2d. Cir. 1996) (internal quotations omitted)). Given the severity of the remedy, "defaults are generally disfavored and are reserved for rare occasions." *Enron*, 10 F.3d at 96. In fact, there is an "oft stated preference" in the Second Circuit "for resolving disputes on the merits" and "when doubt exists as to whether a default should be granted or vacated," policy deems that "the doubt should be resolved in favor of the defaulting party." *Id.* at 95-96. A default judgment "must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981).

The "dispositions of motions for … default judgments . . . under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties…."

*Enron*, 10 F.3d at 95. The Second Circuit has established the following criteria for this Court to look to in relieving a party from a default or default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96.

Therefore, the issue here is whether the Defaulting Defendants have willfully failed to answer the Second Amended Complaint causing prejudice to the Trustee such that the extreme sanction of a default judgement should be granted.  This Court does not find such willful failure and prejudice. While it is true that the Defaulting Defendants failed for over 2 years to file timely answers to the Second Amended Complaint, the Trustee similarly waited over 2 years from filing the Second Amended Complaint to seek a default judgment. The Defaulting Defendants did file opposition to the Default Motion, albeit tardily, but before a default was entered. Now the Defaulting Defendants have appeared and have attended a status conference held on October 24, 2023. Therefore, the Court cannot find a willful default by the Defendants under the *Enron* standard.

Moreover, the Trustee has not met the burden of demonstrating such prejudice that a default is now necessary. The Trustee contends that a default is warranted because any delay will severely prejudice the Trustee by 1) affording the Defaulting Defendants an opportunity to engage in continuing fraudulent behavior and 2) continuing the corrosion of the Trustee's collateral by accruing fees and taxes. The claims against many if not all of the Defaulting Defendants have been on file since June 2018 but this Motion was not filed until June 2, 2023. Therefore, while the Defaulting Defendants are far from the only defendants to have been parties in this adversary, not all delay can be attributed to the Defaulting Defendants, and the Second

Circuit has held that "delay alone is not a sufficient basis for establishing prejudice." *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 455 (S.D.N.Y 2007).

While the road to this point has been long, this adversary proceeding is on track towards a trial on the remaining claims, with a pre-trial conference set for January 9, 2024. Therefore, a short delay to allow the Defaulting Defendants to file answers cannot be said to prejudice the Trustee such that an entry of default is necessary or warranted.

After due deliberation, the Court has determined that sufficient cause does not exist to grant the Default Motion.

Accordingly, it is hereby

**ORDERED**, that the Trustee's Motion for Default Judgment is denied; and it is further.

**ORDERED**, that the Defaulting Defendants are directed to file and serve a responsive pleading to the Second Amended Complaint by no later than **January 4, 2024**.



Dated: December 13, 2023
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge