UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Orion HealthCorp, Inc., *et al.*, | : | Case No. 18-71748-67 (AST) |
| | : | Case No. 18-71789 (AST) |
| Debtors. | : | Case No. 18-74545 (AST) |
| | : | |

-------------------------------------------------------------------------- x    (Jointly Administered)

| | | |
|---|---|---|
| Howard M. Ehrenberg in his capacity as Liquidating | : | |
| Trustee of Orion Healthcorp, Inc., *et al.*, CHT | : | |
| Holdco, LLC, and CC Capital CHT Holdco LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Adv. Pro. No. 18-08053 (AST) |
| | : | |
| Parmjit Singh Parmar a/k/a Paul Parmar, *et al.*, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------------- x

### AMENDED JUDGMENT CONCERNING THE RIVERSIDE PROPERTY IN FAVOR OF PLAINTIFF HOWARD M. EHRENBERG, AS LIQUIDATING TRUSTEE, AGAINST DEFENDANTS PAUL PARMAR, AQUILA ALSHAIN LLC, THE RED FRONTED MACAW TRUST, AND 21B ONE RIVER PARK LLC

**WHEREAS**, the Court held a duly scheduled trial in this adversary proceeding on December 2 and 3, 2025, and having considered the exhibits, briefs, testimony and evidence presented by the parties at trial, and after due deliberation thereon, issued its findings of fact and conclusions of law at the ruling conference on April 29, 2026 ("Ruling Conference"). Consistent with the record set forth at the Ruling Conference, Judgment is hereby entered as follows in favor of Plaintiffs Howard M. Ehrenberg, in his capacity as Liquidating Trustee ("Liquidating Trustee") of the Debtors,[1] against Defendants Parmjit Singh Parmar (a/k/a

---

[1] The Debtors in these chapter 11 cases are: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc. ("CHT"); NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.;

Paul Parmar) ("Parmar") and Aquila Alshain LLC, The Red Fronted Macaw Trust, and 21B One River Park LLC (collectively, the "Property Defendants," and together with Parmar, "Defendants"):

**ADJUDGED**, based on the separate judgment entered against Defendants on Counts V, VI, VII and VIII of the Second Amended Adversary Proceeding Complaint dated January 14, 2020 and as stated in detail on the record of the Ruling Conference, the transfer of funds used to purchase the real property located at 50 Riverside Boulevard, Apartment 21B, New York, New York (Block 1171, Lot 2549) (the "Riverside Property") and the transfer of legal title of the Riverside Property to defendant 21B One River Park LLC was (i) an actual fraudulent transfer under 11 U.S.C. (the "Bankruptcy Code") §§ 548(a)(1)(A) and 550 and Bankruptcy Code §§ 544 and 550 and Delaware Code §§ 1304(a)(1); and (ii) a constructive fraudulent transfer under Bankruptcy Code §§ 548(a)(1)(B) and 550 and Bankruptcy Code §§ 544 and 550 and Delaware Code §§ 1304(a)(2) and 1305(a); and it is further

**ADJUDGED**, that the transfer of legal title to the Riverside Property to defendant 21B One River Park LLC by Tower Unit Deed recorded in the City Register of the City of New York on April 18, 2017 (CRFN 2017000149419) is hereby avoided and all legal and equitable title to and ownership of the Riverside Property is vested solely with the Liquidating Trustee; and it is further

**ADJUDGED**, that the Riverside Property, in the possession, custody or control of Defendant 21B One River Park LLC, was acquired with funds of the Debtors; Parmar and the Property Defendants have no legal or equitable interest in the Riverside Property; and the

---

Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Northstar First Health, LLC; Vachette Business Services, Ltd.; Phoenix Health, LLC; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; New York Network Management, LLC.

Riverside Property is an asset of the Debtors' estates recoverable by the Liquidating Trustee pursuant to 11 U.S.C. §§ 544 and 550; and it is further

**ADJUDGED**, that any consents required for the Liquidating Trustee to take title to the Riverside Property pursuant to this Judgment are deemed granted or waived; and it is further

**ADJUDGED**, that any transfer of the ownership of and title to the Riverside Property authorized by this Judgment is deemed to have occurred pursuant to the Plan previously confirmed by this Court under 11 U.S.C. § 1129, and is accordingly exempt from all stamp or similar taxes to the fullest extent allowed under 11 U.S.C. § 1146. This Judgment shall bind any taxing authority, recorder of deeds or similar official for any county, state, or governmental unit in which any instrument related to the transfer of title to the Riverside Property to the Liquidating Trustee or related to any transaction contemplated hereunder or under the Plan is to be recorded with respect to any taxes of the kind specified in 11 U.S.C. § 1146(a); and it is further

**ADJUDGED**, that the Liquidating Trustee, as the duly authorized representative of the Debtors' estate, has authority to perform any and all acts as the owner of the Riverside Property, including, without limitation, to sell, repair, or effect occupancy of the Riverside Property, and to interact with the Board of Managers as current owner of the Riverside Property; and it is further

**ADJUDGED**, that any personal property (including, but not limited, to fixtures, equipment, furnishings, furniture, inventory, and any other tangible or intangible personal property) situated in or affixed to the Riverside Property is the property of Parmar and/or the Property Defendants, and the Liquidating Trustee is authorized to take possession of, remove,

sell, abandon, dispose of, destroy or otherwise administer any such personal property as the Liquidating Trustee deems appropriate, and any proceeds recovered therefrom shall be in partial satisfaction of the separate judgment entered against Defendants in this proceeding; and it is further

**ADJUDGED**, that the Liquidating Trustee is appointed attorney-in-fact for each of Defendants for the purpose of executing any and all documents on the Defendants' behalf to effectuate the turnover of ownership of the Riverside Property to the Liquidating Trustee or others, including, without limitation, the execution of a duly notarized written assignment of the Riverside Property to the Liquidating Trustee and any other documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court; and it is further

**ADJUDGED**, that Defendants, including any respective manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Riverside Property, including all associated keys and entrance cars, to counsel for the Liquidating Trustee, Mark T. Power, at the law offices of Thompson Coburn LLP located at 488 Madison Avenue, 14th Floor, New York, New York, within twenty (20) days of the entry of this Judgment; and it is further

**[SPACE INTENTIONALLY LEFT BLANK]**

**ADJUDGED**, that the Bankruptcy Court retains jurisdiction to implement and enforce this Judgment.

Dated: June 5, 2026
     Central Islip, New York



_____
Alan S. Trust
United States Bankruptcy Judge